UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14113-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

KAREEM FARRELL,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

*Pro se* Petitioner, Kareem Farrell, a convicted state felon, has filed an Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for aggravated child abuse, the result of a jury verdict, in the Circuit Court of the Nineteenth Judicial Circuit in and for Saint Lucie County **Case No. 10-2086**. [ECF No. 10].

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts. [ECF No. 2].

The Undersigned has reviewed the Amended Petition [ECF No. 10] together with the State's Response [ECF No. 13] along with its supporting exhibits [ECF Nos. 14, 15]. The State asserts as an affirmative defense that the Petition is barred by the statute of limitations. Upon review, Respondent is correct, and it is **RECOMMENDED** that the Court **DISMISS** the Amended Petition as untimely. However, the Undersigned outlines the correct timeliness analysis in the Sections III and IV below.

## II. Claims

Construing the § 2254 petition liberally, as afforded pro se litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises seven ineffective assistance of counsel claims as follows:

1. Counsel failed to object to the use of Petitioner's pre-*Miranda* statements, which were obtained illegally. [ECF No. 10 at 6].

2. Counsel failed to file a motion to suppress evidence obtained from an unlawful search of Petitioner's cell phone. [*Id.* at 8].

3. Counsel failed to challenge the arrest affidavit for lack of "required notarial obligations." [*Id.* at 10].

4. Counsel failed to challenge the factors violating Petitioner's custody which transformed an interview into an interrogation. [*Id.* at 12].

5. Counsel failed to file a motion to suppress pursuant to Fla. R. Crim. P. 3.190. [*Id.* at 14].

6. Counsel failed to investigate the contents of the incident report to secure witnesses for trial. [*Id.*].

7. Counsel failed to file a motion to dismiss or failed to challenge the police affidavit as noncompliant and signed by a person impersonating a public officer. [*Id.*].

Petitioner seeks immediate release, a restoration of his rights, the expungement of his criminal record, and an order for compensation for his wrongful incarceration. [*Id.* at 18]. Petitioner maintains his petition is timely because this Court, in Case No. 17-14246-CV, previously ordered him to first exhaust his state remedies and dismissed his case without prejudice. [*Id.* at 16]. Petitioner's reliance on the outcome of his prior federal habeas proceeding is misplaced.

## III. Procedural History

Approximately seven years ago, on June 21, 2013, a jury convicted Petitioner of aggravated child abuse as charged in the State's Information. [ECF No. 14-1 at 12, 21]. Petitioner had been

charged with shaking "his eight-month-old nephew, causing the [infant] to suffer severe retinal bleeding and brain injuries." *Farrell v. State*, 186 So. 3d 1046, 1048 (Fla. 4th DCA 2015). On July 8, 2013, the trial court sentenced Petitioner to thirty years in prison. [*Id*. at 34-36].

On July 12, 2013, Petitioner appealed to the Fourth District Court of Appeals ("Fourth DCA") in Case No. 4D13-2589. [*Id*. at 38, 40-41]. On May 13, 2015, the Fourth DCA affirmed the conviction and sentence. *Farrell*, 186 So. 3d at 1052. Petitioner sought discretionary review from the Florida Supreme Court in Case No. SC15-1352. [*Id*. at 203-204, 206]. On **February 11, 2016**, the Florida Supreme Court declined to accept jurisdiction and denied the petition for review. [*Id*. at 206, 208]. Petitioner's conviction became final 90 days later, on **May 11, 2016**, when the time to seek a writ of certiorari in the Supreme Court of the United States expired. *See Gonzalez v. Thaler*, 565 U.S. 134 (2012); *see also* Sup. Ct. R. 13. Petitioner had only one year to file a federal habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") – no later than **May 11, 2017**, absent any tolling.

During the pendency of his direct appeal, on May 20, 2014, Petitioner filed a petition for writ of habeas corpus. [ECF No. 14-1 at 254-264]. The trial court denied the petition as without jurisdiction because Petitioner's direct appeal remained pending. [*Id*. at 266]. Nearly, one year later, on June 1, 2015, he appealed the denial to the Fourth DCA in Case 4D15-2641. [*Id*. at 268, 274]. On February 12, 2016, the Fourth DCA dismissed the appeal as untimely. [*Id*. at 271-272, 278]. These filings had no effect on the relevant statute of limitations because Petitioner's conviction was not yet final.

***One hundred and ninety-six days*** (196) after Petitioner's conviction became final, on November 23, 2016, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim.

3

P. 3.850.[1] [ECF No. 14-2 at 2-20]. The trial court denied relief on June 14, 2017. [*Id*. at 138-142]. Petitioner appealed to the Fourth DCA in Case No. 4D17-2335. [*Id*. at 144, 147-149, 151]. On December 28, 2017, the Fourth DCA affirmed the denial of relief, *per curiam* and without written opinion. *Farrell v. State*, 239 So. 3d 70 (Fla. 4th DCA 2017). The appellate court issued its mandate on March 9, 2018. [ECF No. 14-2 at 155]. During this period, from **November 23, 2016, through March 9, 2018**, the statute of limitations was tolled.

During the pendency of his Rule 3.850 motion, on June 26, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Florida, which was transferred to this Court. *See* S.D. Fla. Case No. 17-14246-CV-Martinez, ECF Nos. 1, 3. The magistrate judge recommended dismissal of the petition because Petitioner's postconviction proceedings remained pending in the trial court; accordingly, the case was not ripe for review. *Id*., ECF No. 9. More importantly, the magistrate judge advised Petitioner of the federal statute of limitations and that he "should return to this Court expeditiously" after exhausting his state remedies to avoid being time-barred. *Id*., ECF No. 9 at 9. On August 29, 2017, the Court adopted the report and recommendation and dismissed the case without prejudice "except as to any application of the federal statute of limitations or other federal procedural bar that may apply." *Id*., ECF No. 10. This federal habeas proceeding has no effect on the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (pending federal habeas petition does not toll statute of limitations under 28 U.S.C. § 2244(d)(2)).

Next, Petitioner returned to the state court and filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800, on **October 13, 2017**. [ECF No. 14-2 at 214-219]. On May 2,

---

[1] Petitioner filed a motion for default. The trial court denied the motion; and Petitioner appealed in Case No. 4D17-1301. [ECF No. 14-2 at 132-33, 135, 157-158]. The Court does not address these proceedings in further detail because they are irrelevant to the timeliness analysis.

2018, the Court denied the motion as untimely and not cognizable. [*Id*. at 228-29, 231-32]. Petitioner appealed to the Fourth DCA in Case NO. 4D18-1564.[2] [*Id*. at 234, 237, 240-42, 244]. This case was consolidated with another appeal by Petitioner on a second motion to correct sentence in Case No. 4D18-2335. On August 16, 2018, the Fourth DCA affirmed the denial of relief, *per curiam* and without written opinion. *Farrell v. State of Florida*, 254 So. 3d 394 (Fla. 4th DCA 2018). Petitioner filed a motion for rehearing, which was denied. [*Id*. at 252-255, 257]. The appellate court issued its mandate on November 16, 2018. [*Id*. at 259]. Because these motions to correct sentence were filed during the pendency of Case No. 4D17-2335, these proceedings sufficiently tolled the federal statute of limitations from **March 9, 2018, through November 16, 2018**. Afterward, however, the clock began to run again.

*One hundred and sixteen days later*, on **March 12, 2019**, Petitioner filed a second motion for post-conviction relief alleging he found "newly discovered evidence" he "could not have known of . . . by the use of due diligence." [ECF No. 14-2 at 271]. At this point, **312 days** of the federal limitations period had expired (196 + 116 = 312). Yet, Petitioner's second motion or post-conviction relief was filed *more than two years* after his judgment and conviction became final. According to Fla. R. Crim. P. 3.850(b)(1), the motion will not be considered:

> if filed more than 2 years after the judgment and sentence become final unless it alleges that: . . . the facts on which the claim is predicated were unknown to the movant . . . and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence

---

[2] Because the details of the proceeding do not affect effect the timeliness analysis, they are not discussed in this Report. The mandate in 4D18-2335 was issued on September 14, 2018. [ECF No. 14-2. at 267].

The trial court denied relief because the motion was successive and procedurally barred – Petitioner knew of the evidence at the time of trial and he could have raised the issue his first Rule 3.850 motion. [ECF No. 14-3 at 21]. Although the trial court did not address the timeliness issue at all in its order, this is unnecessary. "The state court doesn't even have to make a timeliness ruling at all before a federal court can find that it was untimely and not 'properly filed' for Section 2244(d)(2) purposes" *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1346 (11th Cir. 2018). As articulated in *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1312: "When a state court has not addressed the timeliness of an application for collateral relief, the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. We will not allow the tolling of AEDPA's limitations period when it is clear that the petitioner failed to seek timely review in state court." (internal citations and quotations omitted).

Accordingly, this second motion for post-conviction relief did not toll the limitations period. Still, Petitioner appealed to the Fourth DCA in Case No. 4D19-3582. [*Id*. at 25, 29-30, 32]. The Fourth DCA affirmed the denial of relief, *per curiam* and without written opinion. *Farrell v. State*, 292 So. 3d 1173 (Fla. 4th DCA 2020). The Fourth DCA issued its mandate on April 17, 2020. [ECF No. 14-3 at 70]. The period between **March 12, 2019, and April 17, 2020,** a total of **402 days**, was *not tolled*. Accordingly, **742 days** of the limitations had elapsed (196 + 116 + 402 = 742), far more than the 365 days allowed under § 2244.

Before the mandate issued, Petitioner returned to this Court for the second time and initiated this untimely proceeding on April 6, 2020.

### IV. Discussion – Timeliness

#### A. General Principles of Timeliness

The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

Here, as narrated above, in the underlying case, Petitioner's conviction became final on **May 11, 2016.** Although Petitioner filed various motions in state court that properly tolled the limitations period, by **April 6, 2020**, when Petitioner initiated the instant federal habeas petition, **742** untolled days had passed since his conviction became final. Accordingly, and considering this Court's prior advisement, this Petition is due to be dismissed as untimely.

#### B. Statutory Tolling Under § 2244(d)(1)(A)

Although AEDPA establishes a one-year limitations period for filing § 2254 motions, the limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is

7

pending." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if a petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

As narrated above, Petitioner's conviction became final on **May 11, 2016**.[3] At this point, the time begins to accrue. The record reveals that Petitioner litigated several criminal motions after his conviction became final. However, his second Rule 3.850 motion was not timely filed in accordance with Florida law and could not properly toll the limitations period. *See Jones*, 906 F.3d at 1346; *see also Walton*, 661 F.3d at 1312. Ultimately, he waited nearly two years before initiating the instant habeas proceeding. [ECF No. 1]. Once the limitations period expires, it cannot be revived. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

### C. Equitable Tolling

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme

---

[3] To maintain brevity, this Report does not repeat the citations as articulated in the procedural history above.

Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence" and this high hurdle will not be easily surmounted).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

Here, Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" for the time wasted and the absence of filing any proper post-conviction motion between the time his conviction became final and the filing of the instant habeas petition. *See San Martin,* 633 F.3d at 1271. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

Because this habeas corpus proceeding is untimely, Petitioner's claim challenging the lawfulness of his conviction and judgment is now barred pursuant to 28 U.S.C. § 2244(d)(1)-(2).

### D. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x. 944, 945 (11th Cir. 2007) (*per curiam*) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); *see also Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (*per curiam*) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ); *but cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an

exception. *See, e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002).

Even if there were an "actual innocence" exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *See id.*; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, assuming, without deciding, that a claim of actual innocence might support equitable tolling of the limitation period, notwithstanding, Petitioner has failed to make a substantial showing of "actual innocence" of the crimes for which he was found guilty following a jury trial and the appellate court's affirmation of his conviction. *Farrell*, 186 So. 3d at 1048.

On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. Petitioner's conviction of guilt rests on the verdict of the jury. In other words, Petitioner has not presented sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits.

11

Here, because Petitioner is not demonstrating actual, factual innocence, his claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *see also, Bousley*, 523 U.S. at 623. Consequently, under the totality of the circumstances present here, the Petition is untimely and should be dismissed.

## V.  Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. *See* 28 U.S.C. § 2254(e)(2); *See also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VI.  Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this Recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this Report and Recommendation.

### VII.    Recommendations

Based upon the foregoing, it is RECOMMENDED that the Amended Petition for Writ of Habeas Corpus [ECF No. 10] be **DISMISSED** as barred by the statute of limitations, that no certificate of appealability issue, and that the case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Kareem Farrell
       P29811
       Wakulla Correctional Institution
       Inmate Mail/Parcels

110 Melaleuca Drive
Crawfordville, FL 32327
PRO SE

Allen R. Geesey
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive, Suite 900
West Palm Beach, FL 33401
Tel. 561-837-5000
Fax: 837-5099
Email: allen.geesey@myfloridalegal.com